IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CASIE MEYER                                                                      PLAINTIFF

V.                                                         CIVIL NO. 1:13CV444-LG-JCG

ACCREDITED COLLECTION
AGENCY, INC.; THOMAS BLACK,
UNITED CREDIT SPECIALIST;
JEFF WINTERS; JOHN DOES 1-4                                            DEFENDANTS

## DEFAULT JUDGMENT AGAINST DEFENDANT ACCREDITED COLLECTION AGENCY, INC.

BEFORE THE COURT is the [10] Motion for Entry of a Default Judgment Against Defendant Accredited Collection Agency, Inc. filed by Plaintiff Casie Meyer. Defendant Accredited Collection Agency, Inc. (hereinafter "ACA") has not responded to the Motion.  The Court finds that ACA was served with Summons and a Complaint on January 30, 2014.  *See* ECF No. 6.  The Court further finds that ACA, not being an infant or incompetent person, failed to plead, answer or otherwise defend in this matter.  Upon application of the Plaintiff, the District Court Clerk duly entered default against ACA.

Plaintiff Meyer alleges that ACA violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, when it attempted to collect a debt she owed on her cellular telephone bill.  The FDCPA provides that a debt collector who fails to comply with its provisions will be liable for "any actual damage" sustained by the plaintiff, and in causes of action brought by individuals such as Ms. Meyer, "additional damages as the court may allow, but not exceeding $1,000."  15 U.S.C. §

1692k(a).  The statute also provides that the debt collector will be liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court."  *Id*.  Meyer seeks statutory damages in the amount of $1,000, actual damages in the amount of $3,000, attorney's fees in the amount of $3,680, and costs of $165.85.  (Pl. Mot. 2, ECF No. 10).

In support of her Motion, Meyer submits her attorney's billing file, which provides an account of services rendered, time expended, and the amount billed.  She also provides survey data on average hourly rates for attorneys in California, where her counsel is located, and other regions of the country, including Mississippi.  Meyer's attorney has provided a declaration in which he states that his rate in this action is $300 per hour, and that local counsel is contracted by his office at a rate of $300 per hour.  (Amador Decl., ECF No. 10-6).  According to the billing file from her counsel, Meyer was billed for attorney time at the rate of $300 per hour, and for "Paralegal/Staff" time at the rate of $50 per hour.  These rates are not outside the realm of those charged for litigation services in this community.  *See Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002) (reasonable hourly rates are determined by looking to the prevailing market rates in the relevant legal community); *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (relevant legal community is the community in which the district court sits).

Finally, Meyer also submits her own declaration, in which she provides the factual basis for her complaint against ACA; specifically, she alleges that ACA

called her repeatedly but refused to identify itself, threatened to have the police arrest her for failing to pay her cellular phone bill, and told her that it "would see [her] in court." (Meyer Decl., ECF No. 10-7). Meyer submits that she "suffered from nervousness and fear as a result of [ACA]'s threats to have [her] arrested." *Id.*

The Court finds that the Plaintiff's application for default judgment is well-taken and should be granted. The Court further finds, pursuant to Rule 55(b), that the Plaintiff's claim is for a sum that can be made certain upon calculation. Accordingly, Defendant ACA is liable to Plaintiff Meyer for actual damages, statutory damages, attorney's fees, and costs, as set forth below.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [10] Plaintiff's Motion for Default Judgment and Attorney Fees Against Accredited Collection Agency, Inc. is **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Casie Meyer shall recover from Defendant Accredited Collection Agency, Inc. the amount of $4,000 in damages, attorney's fees in the amount of $3,680, and costs of $165.85, for a total judgment of **$7845.85,** plus post-judgment interest at the federal rate pursuant to 28 U.S.C. § 1961 until the judgment is satisfied.

**SO ORDERED AND ADJUDGED** this the 14th day of August, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE