IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CASIE MEYER                                                                               PLAINTIFF

v.                                                              CAUSE NO. 1:13CV444-LG-JCG

ACCREDITED COLLECTION AGENCY INC.,
ET AL.                                                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS FILED BY GUIIDEVILLE INDIAN RANCHERIA
AND GUIDEVILLE BAND OF POMO INDIANS**

BEFORE THE COURT is the [56] Motion to Dismiss filed by Defendants Guideville Indian Rancheria and Guideville Band of Pomo Indians (collectively, "the Tribe")[1] pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) in this Fair Debt Collection Practices Act (FDCPA) action.  The Court has considered the submissions of the parties and the applicable law and finds that the Motion should be granted.

The Tribe is immune from Plaintiff Casie Meyer's claims, and, thus, this Court does not have jurisdiction over the Tribe.[2]  In addition, although the Tribe requests that Defendant Michael Derry be dismissed, Derry was not a party to the Tribe's Motion, and the Court will not *sua sponte* grant dismissal.

---

[1] The moving Defendants state that they are "a single federally-recognized Indian Tribe." (Def.'s Mem. 1 n.1, ECF No. 57).  Plaintiff Casie Meyer does not challenge this fact, and pled in her Third Amended Complaint that Defendants are an Indian tribe.

[2] Because the Court lacks jurisdiction it will not address the Tribe's arguments that Meyer's Third Amended Complaint should also be dismissed on the merits for failure to state a claim.

**BACKGROUND**

In her Third Amended Complaint, Plaintiff Meyer claims that several Defendants, including the Tribe, regularly operate and qualify "as third-party debt collectors" for purposes of FDCPA liability. (*See* Third Am. Compl. 3 (¶6), ECF No. 40). Meyer states that Defendants contacted her, sometimes up to four times per day, from November through December 2012, "in an attempt to collect a consumer debt allegedly owed by" her. (*See id.* (¶¶ 7-8)). She further alleges that Defendants failed to comply with the terms of the FDCPA in doing so, and, as such, are liable to her under the FDCPA for monetary damages.

The Tribe has filed a Motion to Dismiss, arguing that it has sovereign immunity from Meyer's claims, and that the Third Amended Complaint fails to state a claim against it in any event. Meyer has opposed the Motion, contending that the Tribe is not immune and/or waived its immunity, and that her "Complaint is well-pleaded and sufficiently alleges the role of Defendants to support each of her causes of action . . . ." (Pl's. Resp. To Mot. To Dismiss 2, ECF No. 66).

**THE APPLICABLE LAW**

"Indian tribes are domestic dependent nations that exercise inherent sovereign authority." *Michigan v. Bay Mills Indian Cmty.*, 134 S. Ct. 2024, 2030 (2014) (citation and quotation marks omitted). "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mgf. Techs., Inc.*, 523 U.S. 751, 754 (1998). "Thus, in the absence of a waiver or congressional abrogation of

immunity, [a district] court lacks subject matter jurisdiction to determine [a] plaintiff's claims against the [t]ribe." *See Gristede's Foods, Inc. v. Unkechuage Nation*, 660 F. Supp. 2d 442, 477 (E.D.N.Y. 2009); *Ferguson v. SMSC Gaming Enter.*, 475 F. Supp. 2d 929, 931 (D. Minn. 2007); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."); *Mastro v. Seminole Tribe of Fla.*, No. 2:12-cv-411-FtM-38UA, 2013 WL 3350567, at *1 (M.D. Fla. July 2, 2013), *aff'd*, 578 F. App'x 801, 803 (11th Cir. 2014) ("Tribal sovereign immunity concerns the Court's subject matter jurisdiction to hear an action.")

Accordingly, numerous courts have held that issues of tribal immunity are properly addressed via a Rule 12(b)(1) motion to dismiss based on lack of subject-matter jurisdiction, and this Court agrees. *See, e.g.*, *Mastro*, 2013 WL 3350567, at *1; *Bassett v. Mashantucket Pequot Museum & Research Ctr. Inc.*, 221 F. Supp. 2d 271, 276 (D. Conn. 2002) ("As immunity is a limitation on federal court jurisdiction, a motion to dismiss based on tribal immunity is appropriately examined under Fed. R. Civ. P. 12(b)(1)."). "'When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.'"[3] *Morris v. Livingston*, 739 F.3d

---

[3] Because the Court finds that the Tribe is immune, it will not address the Tribe's Rule 12(b)(6) arguments pertaining to the underlying merits of the Complaint. For this reason, the Court will also deny Plaintiff's [69] Motion for Leave to File Sur-Reply, as the proposed Sur-Reply pertains solely to 12(b)(6) matters. A separate Text Only Order will be entered. Similarly, the Court has no need to consider the [56-1] Declaration of Michael Derry submitted with the Tribe's Motion to Dismiss, and has not considered that Declaration in reaching its conclusions herein.

740, 745 (5th Cir. 2014) (citation omitted). "'The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss.'" *Id.* (citation omitted).

## DISCUSSION

**HAS CONGRESS AUTHORIZED SUIT AGAINST THE TRIBE?**

Congressional decision to abrogate tribal immunity "must be clear." *See Bay Mills*, 134 S. Ct. at 2031. "The baseline position . . . is tribal immunity, and to abrogate such immunity, Congress must unequivocally express that purpose." *Id.* (citation, quotation marks, and brackets omitted). "That rule of construction reflects an enduring principle of Indian law: Although Congress has plenary authority over tribes, courts will not lightly assume that Congress in fact intends to undermine Indian self-government." *Id.* at 2031-32. Tribal immunity extends to suits brought in federal court, such as this one. *See, e.g.*, *Saucerman v. Norton*, 51 F. App'x 241, 243 (9th Cir. 2002); *Calhoon v. Sell*, 71 F. Supp. 2d 990, 993 (D.S.D. 1998).

The Fifth Circuit has not had occasion to address tribal immunity in the context of the FDCPA. Meyer argues that the Tribe is not immune from the FDCPA because that law is "a federal statute of general applicability that has not expressly excluded tribes from suit . . . ." (Pl's. Resp. To Mot. To Dismiss 2, ECF No. 66). The Tribe does not dispute – that the FDCPA is a federal statute of general applicability, and, thus, applies to the Tribe. *See Fed. Power Comm'n v. Tuscarora Indian Nation*, 362 U.S. 99, 116 (1960) ("[A] general statute in terms

applying to all persons includes Indians and their property interests.").[4]

However, Meyer's contention that because the FDCPA is a federal statute of general applicability, the Tribe is not immune and the analysis is effectively over, (*see, e.g.*, Pl.'s Mem. 4, ECF No. 67), is incorrect. "[T]he fact that a statute applies to Indian tribes does not mean that Congress abrogated tribal immunity in adopting it." *Bassett v. Mashantucket Pequot Tribe*, 204 F. 3d 343, 357-58 (2d Cir. 2000) (finding tribe was immune from individual's claims brought pursuant to federal Copyright Act, even though that act was federal statute of general applicability applicable to tribes).

"The analysis does not stop [with a determination that a federal statute applies to Indian tribes], . . . for whether an Indian tribe is *subject* to a statute and whether the tribe may be *sued* for violating the statute are two entirely different questions." *See Fla. Paraplegic, Ass'n, Inc. v. Miccosukee Tribe of Indians of Fla.*, 166 F.3d 1126, 1130 (11th Cir. 1999) (emphasis in original). "As the Supreme Court [has] bluntly stated . . . , '[t]here is a difference between the right to demand compliance with state laws and the means available to enforce them.'" *Id.* (quoting *Kiowa Tribe*, 523 U.S. at 755). "This principle, which simply spells out the distinction between a right and a remedy, applies with equal force to federal laws." *Id.*

---

[4] There are exceptions to this general rule. *See generally Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113 (9th Cir. 1985). Those exceptions are not relevant to the Court's inquiry here, however. Namely, as discussed in more detail herein, Meyer's analysis of the law is misplaced.

5

Meyer "confuse[s] tribal 'sovereignty' with 'sovereign immunity[;]'" the cases she cites in support of her position have "nothing to [do] with tribal sovereign immunity from suits by private parties, which is not subject to implicit abrogation." *See Tonasket v. Sargent*, 830 F. Supp. 2d 1078, 1081-82 (W.D. Wash. 2011). "The issue of whether a statute of general applicability should apply to a tribe or tribal entity is distinct from the issue in this case, i.e., whether a tribal entity enjoys sovereign immunity from suit." *Bales v. Chickasaw Nation Indus.*, 606 F. Supp. 2d 1299, 1302 (D.N.M. 2009). "That a general federal statute applies to Indian tribes does not mean that Congress has waived tribal sovereign immunity for purposes of private actions to enforce the statute . . . ." *J.L. Ward Assocs., Inc. v. Great Plains Tribal Chairmen's Health Bd.*, 842 F. Supp. 2d 1163, 1178 (D.S.D. 2012)*; accord Specialty House of Creation, Inc. v. Quapaw Tribe*, No. 10-cv-371-GKF-TLW, 2011 WL 308903, at *1 (N.D. Okla. Jan. 27, 2011).

Meyer cannot reasonably dispute that the FDCPA contains no language expressly abrogating an Indian tribe's immunity. *See Bay Mills*, 134 S. Ct. at 2031. Therefore, because Congress has not abrogated the Tribe's immunity, the Tribe is immune from Meyer's private FDCPA action unless it has waived its immunity. *See, e.g.*, *Specialty House*, 2011 WL 308903, at *1 ("[Plaintiff] points to no authority that Congress has expressly abrogated tribal sovereign immunity with respect to [federal patent law]. Therefore, this court concludes that the . . . Tribe is immune from private suits under federal patent law."); *see also Bay Mills*, 134 S. Ct. at 2030-

31 ("Thus was have time and again treated the doctrine of tribal immunity as settled law, and dismissed any suit against a tribe absent congressional authorization (or a waiver).") (citation, quotation marks, and brackets omitted); *Kiowa Tribe*, 523 U.S. at 754.

Finally, the Court is not persuaded by Meyer's argument that "[d]enying a consumer redress against a tribe under federal consumer protection laws would in effect deny a consumer *any* redress." (Pl.'s Mem. 2-3, ECF No. 67). Meyer's recourse, if any, is with Congress. *See Cayuga Indian Nation of N.Y. v. Seneca Cty.*, 890 F. Supp. 2d 240, 243 (W.D.N.Y. 2012) (noting that while the Supreme Court has "questioned the wisdom of perpetuating the doctrine of Tribal sovereign immunity[,]" that Court "deferred to Congress to make any changes in that regard[, which t]o date, Congress has declined" to do) (citation and quotation marks omitted). Moreover, while "[i]t is true that Indian tribes do, as a general rule, enjoy sovereign immunity from private lawsuits, [they] do not, however, enjoy sovereign immunity from suits brought by the federal government." *See E.E.O.C. v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1075 (9th Cir. 2001). Indeed, many federal statutes provide for the Government, as well as private individuals, to bring suit to redress rights thereunder.

**HAS THE TRIBE WAIVED ITS IMMUNITY?**

"[T]o relinquish its immunity, a tribe's waiver must be 'clear.'" *C & L Enters., Inc. v. Citizen Band Potwatomi Indian Tribe of Okla.*, 532 U.S. 411, 418

7

(2001) (citation omitted); *see also Tribal Smokeshop, Inc. v. Ala. Coushatta Tribes of Tex. ex rel. Tribal Council*, 72 F. Supp. 2d 717, 719 (E.D. Tex. 1999). "It is settled that a waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Santa Clara Pueblo v. Martinez*, 436 U.S. 58-59 (1978) (citation and quotation marks omitted); *see also Tribal Smokeshop*, 532 U.S. at 418; *Lopez v. Ponkilla*, 829 F. Supp. 2d 1093, 1096 (W.D. Okla. 2010) ("While a tribe can waive its own immunity, 'a waiver of sovereign immunity cannot be implied but must be unequivocally expressed.'") (citation omitted).

Meyer argues that the Tribe "contractually and expressly waived its" immunity by entering into a "Tribe Limited Waiver of Sovereign Immunity Agreement" related to an indemnification agreement between it and two of the other Defendants, Accredited Collection Agency (ACA) and Jeff Winters. (*See* Pl.'s Mem. 14, ECF No. 67). The parties dispute whether the agreement containing the Limited Waiver is valid. The Court need not resolve this issue, because even assuming that the agreement is valid, there is nothing before the Court showing that the Tribe through the Limited Waiver waived its immunity from *all* lawsuits. At most, the Tribe appears to have waived its immunity insofar as disputes arose between it and the other parties to the contract, *i.e.*, ACA and Winters. The Limited Waiver certainly does not constitute the unequivocal waiver required for a Tribe to waive its immunity and subject itself to suit for all purposes, including lawsuits by third parties brought under the FDCPA like this one. *See, e.g.*,

*Gilbertson v. Quinault Indian Nation*, 495 F. App'x 779, 780 (9th Cir. 2012) (tribe's limited waiver of sovereign immunity for suits in tribal court did not constitute waiver of such immunity for all purposes); *Specialty House*, 2011 WL 308903, at *2 (tribe did not waive its immunity from patent suit where nowhere in the purported waiver did the tribe "indicate an intention to waive its immunity from suit with respect to torts generally, or for patent infringement particularly") (granting motion to dismiss).

**DEFENDANT MICHAEL DERRY**

The Tribe also argues that its immunity extends to Defendant Derry. However, Derry was not a party to the Tribe's Motion. At the time the Tribe filed the Motion to Dismiss, Plaintiff had already filed a [49] Motion to Strike Defendant Michael Derry's Answer to the Third Amended Complaint, based on the fact that the Clerk had entered default as to Derry for failure to answer a previous Complaint. In response, Derry filed a [55] Motion to Vacate Clerk's Entry of Default. Both Motions are still pending. At this juncture, the Court expresses no opinion as to whether Derry is immune.

CONCLUSION

The Tribe is immune from Meyer's FDCPA claims because Congress has not clearly abrogated the Tribe's immunity with respect to that statute. Moreover, the Tribe has not waived its immunity. Finally, the Court expresses no opinion at this juncture whether Defendant Derry, who was not a party to the Motion, also has immunity.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [56] Motion to Dismiss filed by Defendants Guideville Indian Rancheria and Guideville Band of Pomo Indians is **GRANTED**. Defendants Guideville Indian Rancheria and Guideville Band of Pomo Indians are hereby terminated as Defendants.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Michael Derry remains a Defendant.[5]

**SO ORDERED AND ADJUDGED** this the 29th day of January, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[5] This Order does not prohibit Derry from filing his own Motion to Dismiss, to which Meyer will then be allowed to respond, at the appropriate time.