IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CASIE MEYER**                                                                                      **PLAINTIFF**

v.                                                                              CAUSE NO. 1:13CV444-LG-JCG

**ACCREDITED COLLECTION AGENCY INC.,**
**ET AL.**                                                                                          **DEFENDANTS**

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND ATTORNEY'S FEES

BEFORE THE COURT is the [80] Motion for Default Judgment and Attorney's Fees against Jeff Winters filed by Plaintiff Casie Meyer in this Fair Debt Collection Practices Act (FDCPA) case. Defendant Winters was served with a Summons and a copy of the Complaint on June 17, 2014. Winters, not being an infant or incompetent person, failed to plead, answer, or otherwise appear in this action, and to date has never appeared in this action. Upon application of Plaintiff Meyer, the District Court Clerk entered default against Winters on July 11, 2014. Having reviewed the current Motion, including Meyer's submissions therewith, the record in this action, and the applicable law, the Court is of the opinion that the Motion should be granted and that Default Judgment should be entered against Winters in the amount of $8,542.50, as discussed in further detail below.

### DISCUSSION

"By his default, a defendant admits the well-pleaded allegations of fact appearing in the complaint." *LPP Mortg. Ltd. v. TAZ, Inc.*, No. 2:14cv39-KS-MTP, 2014 WL 4273266, at *2 (S.D. Miss. Aug. 28, 2014). However, "[a] defendant's

default . . . fails to establish conclusively the amount of damages." *See id.* The Fifth Circuit has held that in the context of a default judgment, damages should not be "awarded without a hearing *or* a demonstration by detailed affidavits establishing the necessary facts." *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (emphasis added). Here, the Court finds that a hearing is not necessary and, further, that, pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff Meyer's claim against Defendant Winters is for a sum that can be made certain upon calculation.

Meyer alleges that Winters violated the FDCPA, 15 U.S.C. § 1692 *et seq.*, when he attempted to collect a debt she owed on a her cellular telephone bill through his company Accredited Collection Agency, Inc. (ACA). The FDCPA provides that a debt collector who fails to comply with its provisions will be liable for "any actual damage" sustained by the plaintiff, and in causes of action brought by individuals such as Meyer, for "additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a). The statute also provides that a debt collector will be liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." *Id.*

Meyer seeks "$1,000 in statutory damages, $3,000.00 in actual damages, $165.85 in costs, and $4,542.50 in attorney's fees[,]" for a total of $8,708.35 (Pl. Mot. 2, ECF No. 80). The Court finds these amounts appropriate, except for the requested $165.85 in costs, and will thus enter judgment against Winters in the amount of $8,542.50.

**The Substantive Claims**

Meyer has submitted declarations providing the factual basis for her claims against Winters.  The Court is of the opinion that the [81-8] Declaration of Joey Capo establishes that Winters qualifies as a debt collector for purposes of the FDCPA.  *See* 15 U.S.C. § 1692a; *see also, e.g.*, *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 706 n.8 (S.D.N.Y. 2013); *Alonso v. Blackstone Fin. Grp. LLC*, 962 F. Supp. 2d 1188, 1204 (E.D. Cal. 2013); *Hoffman v. GC Servs. Ltd. P'ship*, No. 3:08-cv-255, 2010 WL 9113645, at *7 (E.D. Tenn. Mar. 3, 2010).

The Court is also of the opinion that Meyer's [81-7] Declaration and her well-pleaded Complaint allegations establish the alleged FDCPA violations.  Specifically, Meyer states that Winter's company, ACA, called her repeatedly but failed to identify itself, threatened to have the police arrest her for failing to pay her cellular phone bill, and told her that it "would see [her] in court."  (Meyer Decl., ECF No. 81-7).  She further states that she "suffered from nervousness and fear as a result of [ACA]'s threats to have [her] arrested."  (*Id.*).  Under these circumstances, the Court finds statutory damages in the amount of $1,000 and actual damages in the amount of $3,000 to be appropriate and will therefore award the same.

**Attorney's Fees**

Meyer has submitted her attorney's billing file (*see* ECF No. 81-5), which provides an account of services rendered, time expended, and the amount billed.  Both the billing file and the Court's review thereof indicates that the file does not include time expended in prosecuting this action against dismissed defendants.

Additionally, Meyer has submitted survey data on average hourly rates for attorneys in California, where her counsel is located, and other regions of the country, including Mississippi.  Meyer's attorney has also provided a declaration in which he states that his rate in this action is $300 per hour, and that local counsel is contracted by his office at a rate of $300 per hour.  (Amador Decl., ECF No. 81-6). According to the billing file, Meyer was billed for attorney time at the rate of $300 per hour, and for "Paralegal/Staff" time at the rate of $50 per hour.  These rates are reasonable and are within the realm of those charged for litigation services in this community.  Therefore, the Court will award attorney's fees in the requested and supported amount of $4,542.50.[1]

**Costs**

Meyer has also requested costs in the amount of $165.85: a $100 *pro hac vice* fee, a $59.95 process server fee, and $5.90 in mailing costs.  (*See* Billing File, ECF No. 81-5).  "[T]he cost award [provided for by the FDCPA] is limited to the costs allowed under 28 U.S.C. § 1920."  *See Frazier v. Absolute Coll. Serv., Inc.*, 767 F. Supp. 2d 1354, 1368 (N.D. Ga. 2011).  None of the requested costs are recoverable under § 1920, and, thus, the Court will not award any costs.  *See, e.g., Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010); *JGT, Inc. v. Ashbritt, Inc.*, No. 1:09cv380WJG-JMR, 2011 WL 1323410, at *7-8 (S.D. Miss. Apr. 5, 2011).

---

[1] Although the amount of attorney's fees exceeds the actual damages award, the fees are still reasonable considering that the attorneys were forced to expend considerable efforts to bring this matter to a conclusion.

**Joint and Several Liability**

Finally, Meyer also states that of the judgment she seeks against Winters, ACA remains jointly and severally liable with Winters for $7,845.85, the amount of judgment already entered against ACA.  (*See* Judgment, ECF No. 18).  The Court agrees.  *See, e.g.*, *Ohlson v. Cadle Co.*, No. 04 Civ. 3418 DRH/ETB, 2006 WL 721505, at *3 (E.D.N.Y. Mar. 21, 2006).

## CONCLUSION

Defendant Winters is liable to Plaintiff Meyer for statutory damages in the amount of $1,000, actual damages in the amount of $3,000, and attorney's fees in the amount of $4,542.50, for a total award of $8,542.50.  The Court declines to award costs in this action for the reasons discussed herein.  Of the $8,542.50 amount awarded, the Court finds that ACA is jointly and severally liable with Winters in the amount of $7,845.85.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [80] Motion for Default Judgment and Attorney's Fees is **GRANTED**.  A separate judgment will be entered.  Once the judgment is entered, the Clerk is directed to **CLOSE** this action.

**SO ORDERED AND ADJUDGED** this the 1st day of June, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE